ROBERT S. BOULTER (SB NO. 153549)
rsb@lb-attorneys.com
PETER C. LAGARIAS (SB NO 77091)
pcl@lb-attorneys.com
LAGARIAS & BOULTER, LLP
1629 Fifth Avenue
San Rafael, California 94901-1828
Telephone: (415) 460-0100
Facsimile: (415) 460-1099

Attorneys for Plaintiffs



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON DESIGN ASSOCIATES, INC., a California corporation and SHARYN JOHNSON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>DUX INTERIORS, INC., a New York corporation, BO GUSTAFSSON, an individual<br><br>Defendants. | Case No: CV 07 5754<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES<br><br>BY FAX<br><br>DEMAND FOR JURY TRIAL |

### INTRODUCTORY STATEMENT

1.  The instant claims for relief arise out of the wrongful termination of Plaintiffs' Marin and Sonoma County Duxiana Bed distributorship/franchise as well as other breaches and related wrongful conduct.

2.  Plaintiffs Johnson Design Associates, Inc. (Johnson Design) and its owner Sharyn Johnson ("Ms. Johnson") bring this action against Dux Interiors, Inc. (Dux)

1
COMPLAINT

and its president Bo Gustafsson as a result of their wrongful termination, breach of the agreement, and other unlawful discriminatory conduct. Ms. Johnson also brings a claim for relief for intentional infliction of emotional distress against Dux and its president, Bo Gustafsson.

3. Accordingly, Plaintiffs bring this action seeking: (1) damages, and (2) injunctive relief to prevent Dux from terminating Plaintiffs' rights to operate its Dux franchise in Marin and Sonoma Counties.

4. In the event that Plaintiffs are not granted injunctive relief for their wrongful termination claim, Plaintiffs are entitled to recover their actual damages in connection with the termination as well as its costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6. Venue in this case is based on 28 U.S.C. § 1391, in that part of the conduct of the Defendants occurred in, and/or one or more of the Defendants and/or one of the Plaintiffs has its principal place of business in Marin County.

7. This Court has personal jurisdiction over defendants because defendants have sold distributorships/franchises to California residents including Plaintiffs and entered into agreements for the sale of the same as well numerous goods for both wholesale and retail purposes. Defendants have committed acts within and without the State of California causing injury within the State through the regular course of business or other persistent courses of conduct.

8. Intradistrict Assignment. The basis for assignment to the San Francisco Division of the Northern District of California is that plaintiff Johnson Design

Associates, Inc has its principal place of business in Marin County.

## THE PARTIES

9. Plaintiff Sharyn Johnson is a citizen of the United States and a resident of the State of California.

10. Plaintiff Johnson Design Associates, Inc. is a California corporation, with its principal place of business in Marin County.

11. Defendant Dux Interiors, Inc. is on information a New York Corporation with its principal place of business at 227 East 58th Street, New York, NY 10022.

12. Defendant Bo Gustafsson is on information and belief a New York resident.

## ALLEGATIONS COMMON TO ALL CLAIMS

13. Plaintiff Johnson Design Associates, Inc. is a licensed distributor/franchisee of the Dux Interiors, Inc. ("Dux") line of beds and ancillary items under contract. Plaintiff Sharyn Johnson is the owner of Johnson Design. Plaintiffs seek an injunction to prohibit the termination of their distributorship/franchise. Plaintiffs also seek to recover losses they have sustained and will sustain as a result of Defendants' violations of their statutory, common law, and contractual duties.

14. Plaintiffs have served Dux as a distributor/franchisee continuously since 1991 pursuant to a contract which grants Plaintiffs them "evergreen" renewals and permits termination only for cause after a notice and cure period. After this sixteen-year history, Dux served Plaintiffs with a termination notice on October 12, 2007 alleging that a failure to utilize the registered trademark ® symbol in connection with a <u>single</u> customer mailing constituted an incurable breach. Instead of using the ® mark in connection with the mailing, Plaintiff used the "tm" designation. The error was due to using a new vendor for printing.

15. The termination is wrongful and a pretext to convert Plaintiffs' valuable

3
COMPLAINT

business to the benefit Dux, Bo Gustafson (Dux's president), and their associates. Indeed, Dux, Gustafson, and other associates to be identified have engaged in a similar pattern across the country in recent years of terminating Dux distributor/franchisees and converting their business for their own accounts.

16. In 2006 and 2007, Gustafson and Dux repeatedly threatened and intimidated Plaintiffs that they should sell their business Dux's associates (including one Dan Udoutch, a San Francisco resident) "while they still have something to sell." In 2007, Gustafsson, while present in the State of California, called Ms. Johnson in Marin County and continued to harass and threaten her about "selling" her business to Gustafsson's and Dux's associates.

17. In a mandatory sales meeting in New York in August 2006, Gustafsson tried to intimidate and inflict such great emotional distress on Johnson that she would capitulate and relinquish her business to Dux, Gustafsson, or its designated associates. Ms. Johnson left the meeting distraught, shaking, and in desperate fear for her livelihood. As noted, Gustafsson's campaign did not stop there and he has repeatedly threatened and intimidated Ms. Johnson.

18. Dux has also sent harassing communications and the termination notice to Plaintiffs employees with intention of disrupting such employment relations.

19. Dux has also caused Plaintiffs to lose sales and profits on account of manufacturing defective merchandise and then putting a hold on all bed sales for a thirty period during 2006.

20. Dux has breached its contract and failed to pay Plaintiffs for warranty item reimbursements and other payments.

21. On information and belief, Dux has extended to other distributors/franchisees prices, discounts, and incentives not offered to Plaintiffs in violation of the agreement, the common law, and various statutes.

## FIRST CLAIM FOR RELIEF

### (Injunctive Relief)

22. The Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiffs have suffered and continue to suffer immediate, substantial and irreparable injury, as a direct and proximate result of Dux's actions.

24. On October 26, 2007, Dux wrongfully terminated Plaintiffs' agreement after failing in its attempts to force Plaintiffs to sell their area to Dux or its associates in variance with applicable law and in breach of the agreement.

25. Plaintiffs have and will continue to suffer immediate, substantial and irreparable injury, so long as Dux stands by its wrongful termination of the agreement and continues its efforts exclude Plaintiffs from operating in their sales area and continues to try to force Plaintiffs to sell their franchise.

26. Plaintiffs were terminated for non-material variances with Dux's operating standards. Those variances amount, at best, to curable breaches. Plaintiffs are threatened with the loss of their property rights and livelihood, and their substantial investment in the business.

27. The longer that Dux is permitted to continue said actions, the greater and more irreparable the Plaintiffs' injury will be.

28. Plaintiffs have no adequate remedy at law for such on-going irreparable harm.

29. The Plaintiffs request that the Court issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, ordering Dux to immediately cease and desist from its unlawful conduct, including an order that Dux reinstate Plaintiffs' agreement and restraining Dux and Gustafsson from harassing, wrongfully threatening termination, and enforcing the Dux agreements in variance

with it's terms and applicable law.

30   Plaintiffs further request that the Court issue a permanent injunction ordering Dux to forever cease from its unlawful actions toward the Distributors.

WHEREFORE Plaintiffs pray for judgment as set forth below.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract and the Implied Covenant and Unfair Competition)

31.  Plaintiffs incorporate by reference Paragraphs 1 through 21 of this complaint.

32.  Johnson Design has fully performed, or was excused from performing, all the conditions and covenants required of them under their distributorship/franchise agreements.

33.  Dux breached the agreement and the covenant of good faith and fair dealing by:

    a. Wrongfully and pretextually terminating the agreement;

    b. Providing substandard and sub-legal goods;

    c. Failing to honor warranty and other reimbursement requirements; and Participating and engaging in a scheme to defraud plaintiffs out of the distributorship/franchise and converting it to its own account or that of its associates;

    d. Failing to properly advertise the brand and services and requiring Plaintiffs to waste money on ineffectual advertising;

    e. Failing to provide Plaintiffs like prices, discounts, and incentives offered to others similarly situated;

    f. Diverting plaintiffs customer orders to themselves and other more favored franchisees;

    g. Raising prices without the required thirty-day notice; and

h. Interfering with relations Plaintiffs' employees.

34. Dux's failure to provide Plaintiffs like prices, discounts, and incentives offered to others similarly situated also constitutes common law unfair competition as well as violates the federal and state antitrust law entitling Plaintiffs to treble damages for such conduct.

35. Dux also breached the California Franchise Relations Act (implied into this contract) by wrongfully and improperly terminating the contract and attempting to convert the franchise to its own account or that of its associates.

36. As a direct result of the above mentioned breaches, Plaintiffs are entitled to damages in an amount according to proof but in excess of the jurisdictional minimum of this Court and, to the extent provided in the contract, or as otherwise provided by law, to an award of reasonable attorneys' fees and costs incurred in this action. Plaintiffs are entitled rescission, restitution, and ancillary damages. The Plaintiffs will set forth that sum when more fully known or at time of trial.

WHEREFORE Plaintiffs pray for judgment as set forth below.

### THIRD CLAIM FOR RELIEF

### (Conversion)

37. Plaintiffs incorporate by reference Paragraphs 1 through 21 of this complaint.

38. By wrongfully terminating Plaintiffs' franchise, Defendants have converted Plaintiffs' valuable property to their own account or those of their associates.

39. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged and are entitled to damages according to proof.

40. Defendants acted with oppression, fraud, and malice, and in conscious disregard of the rights of the Plaintiffs entitling them to exemplary damages in an amount according to proof.

WHEREFORE Plaintiffs pray for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

41. Plaintiffs incorporate by reference Paragraphs 1 through 21 of this complaint.

42. Gustafsson and other Dux employees have intentionally and/or recklessly engaged in conduct toward the Ms. Johnson that is extreme and outrageous, with intent to cause her emotional harm and relinquish her franchise. Moreover, the wrongful a pretextual termination was intended to and did cause emotional harm.

43. As a direct and proximate result of the Defendants' actions, Johnson has suffered severe and unnecessary anxiety, mental anguish and emotional distress, and in some instances such emotional distress has manifested itself physically.

44. Defendants acted intentionally, willfully and wantonly, or in reckless disregard for the Johnsons' rights or well being, and therefore an award of punitive damages in an amount to deter such conduct on the part of Defendants is appropriate.

WHEREFORE Plaintiffs pray for judgment as set forth below.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

45. Plaintiffs incorporate by reference Paragraphs 1 through 21 of this complaint.

46. Dux's conduct in encouraging and allowing Plaintiffs to serve as a Dux franchisee and to build up the business of selling and servicing the Dux line, and to make substantial investments of time and money at Dux's behest and in reliance on a continuing dealership and then breaching its agreements and obligations, and the

corresponding reasonable expectations of Plaintiffs by terminating their agreement to benefit themselves, constitutes unjust enrichment.

47.    The amount by which Dux and Gustafsson have been, or will be, unjustly enriched, and the amount which Plaintiffs are, or will be, entitled to recover from Dux and Gustafsson cannot now be exactly determined, but will be fully demonstrated at trial.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## SIXTH CLAIM FOR RELIEF

### (Violation of the California Unfair Competition Law)

48.    Plaintiffs incorporate by reference Paragraphs 1 through 21 of this complaint.

49.    California Business and Professions Code Section 17200 prohibits "unfair competition" defined as five categories of conduct: "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

50.    The scheme to terminate the instant franchise and defraud Plaintiffs out of their valuable property and convert it to their own accounts or those of their associates are acts and practices that violate Section 17200, et seq.

51.    Defendants' unfair competition presents a continuing threat to Plaintiffs' interests and Defendants will persist in these practices until a permanent injunction is issued by this Court.

52.    Defendants have been unjustly enriched and have otherwise received monies which should be restored and disgorged to the extent allowed by law.

WHEREFORE Plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter Judgment against the Defendants, jointly and severally, as follows:

1. An order granting Plaintiffs injunctive relief prohibiting Dux from terminating Plaintiffs until or unless it has good cause, provides the requisite statutory notice, has provided Plaintiffs an opportunity to cure any alleged deficient material performance criteria, and the material deficiencies in performance remain.
2. A judgment awarding Plaintiffs their full amount of damages;
3. A judgment awarding punitive or exemplary damages against Defendants according to proof;
4. A judgment awarding Plaintiffs their costs, disbursements, and attorneys' fees incurred herein, to the extent authorized by law; and
5. Prejudgment and post judgment interest against Defendants;
6. Costs of suit;
7. For such other and further relief as maybe fair and just.

PLAINTIFFS DEMAND A TRIAL BY JURY

DATED: November 9, 2007

LAGARIAS & BOULTER, LLP

____________________________

Robert S. Boulter
Attorneys for Plaintiffs

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA    E-filing

| | |
|---|---|
| Johnson Design Associates, Inc a California corporation, and Sharyn Johnson, an individual | **SUMMONS IN A CIVIL CASE** |
| V. | CASE NUMBER: |
| Dux Interiors, Inc., a New York corporation, Bo Gustafsson, an individual | CV 07  5754 JCS |

TO: (Name and address of defendant)

Dux Interiors, Inc.
227 EAST 58TH ST
NEW YORK, NY 10022

Bo Gustafsson
227 EAST 58TH ST, NEW YORK, NY 10222

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Robert S. Boulter
Lagarias & Boulter, LLP
1629 Fifth Avenue
San Rafael, CA 94901-1828

BY FAX

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service

Richard W. Wieking
CLERK

*[signature]*
(BY) DEPUTY CLERK

DATE   NOV 1 3 2007

JS 44 - CAND (Rev 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Johnson Design Associates, Inc. a California corporation, and Sharyn Johnson, an individual

**DEFENDANTS**
Duxiana Interiors, Inc a New York corporation, Bo Gustafson, an individual

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U S PLAINTIFF CASES)
Marin County, CA

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED
New York City

**(c) ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)**
Robert S Boulter, Lagarias & Boulter, LLP, 1629 Fifth Avenue, San Rafael, CA 94901-1828 (415) 460-0100

**ATTORNEYS (IF KNOWN)**
E-filing

**II BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- [ ] 1 U.S Government Plaintiff
- [ ] 2 U.S Government Defendant
- [ ] 3 Federal Question (U S Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

BY FA[X]

**IV. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | 640 RR & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 690 Other | LABOR | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | PERSONAL INJURY | 710 Fair Labor Standards Act | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 362 Personal Injury Med Malpractice | 720 Labor/Mgmt Relations | SOCIAL SECURITY |
| 195 Contract Product Liability |  | 365 Personal Injury Product Liability | 730 Labor/Mgmt Reporting & Disclosure Act | 861 HIA (1395ff) |
| [x] 196 Franchise |  | 368 Asbestos Personal Injury Product Liability | 740 Railway Labor Act | 862 Black Lung (923) |
|  |  | PERSONAL PROPERTY | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) |
| REAL PROPERTY | CIVIL RIGHTS | 370 Other Fraud | 791 EmplRet Inc Security Act | 864 SSID Title XVI |
| 210 Land Condemnation | 441 Voting | 371 Truth in Lending |  | 865 RSI (405(g)) |
| 220 Foreclosure | 442 Employment | 380 Other Personal Property Damage | FEDERAL TAX SUITS | 850 Securities/Commodities/Exchange |
| 230 Rent Lease & Ejectment | 443 Housing | 385 Property Damage Product Liability | 870 Taxes (US Plaintiff or Defendant) | 875 Customer Challenge 12 USC 3410 |
| 240 Torts to Land | 444 Welfare | PRISONER PETITIONS | 871 IRS - Third Party 26 USC 7609 | 891 Agricultural Acts |
| 245 Tort Product Liability | 440 Other Civil Rights | 510 Motion to Vacate Sentence Habeas Corpus: |  | 892 Economic Stabilization Act |
| 290 All Other Real Property | 445 Amer w/ disab - Empl | 530 General |  | 893 Environmental Matters |
|  | 446 Amer w/ disab - Other | 535 Death Penalty |  | 894 Energy Allocation Act |
|  |  | 540 Mandamus & Other |  | 895 Freedom of Information Act |
|  |  | 550 Civil Rights |  | 900 Appeal of Fee Determination Under Equal Access to Justice |
|  |  | 555 Prison Condition |  | 950 Constitutionality of State Statutes |
|  |  |  |  | 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
DIVERSITY 28 USC 1332

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $_____   CHECK YES only if demanded in complaint:
JURY DEMAND: [x] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L R 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   [x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE
10/9/07

SIGNATURE OF ATTORNEY OF RECORD
