1   STEPHEN S. WALTERS (BAR NO. 54746)
    MARK J. SEIFERT (BAR NO. 217054)
2   ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
3   Three Embarcadero Center, 12th Floor
    San Francisco, CA  94111-4074
4   Phone:  (415) 837-1515
    Fax:  (415) 837-1516
5   E-Mail:  swalters@allenmatkins.com
             mseifert@allenmatkins.com
6
    Attorneys for Defendants
7   DUX INTERIORS, INC. and
    BO GUSTAFSSON
8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12  JOHNSON DESIGN ASSOCIATES, INC., a       Case No. C07-05754 MMC
    California corporation, and SHARYN
13  JOHNSON, an individual,                  DEFENDANTS' NOTICE OF MOTION AND
                                             MOTION TO DISMISS COMPLAINT;
14            Plaintiffs,                     MEMORANDUM OF POINTS AND
                                             AUTHORITIES
15        v.
                                             Date:    January 18, 2008
16  DUX INTERIORS, INC., a New York          Time:    9:00 a.m.
    corporation, and BO GUSTAFSSON, an       Place:   450 Golden Gate Avenue
17  individual,                                       San Francisco, California
                                                      Courtroom 7
18            Defendants.                     Judge:   Hon. Maxine M. Chesney

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 18, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7, 19th Floor, of the above referenced Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Dux Interiors, Inc. and Bo Gustafsson will, and hereby do, move the Court for an order dismissing the Complaint.

The motion is made on the grounds that the Complaint fails to state any claim upon which relief can be granted and therefore must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); that the Complaint fails to provide adequate notice of the claims asserted and therefore must be dismissed pursuant to Federal Rule 8(a) or amended to provide a more definite statement pursuant to Rule 12(e); and that the Complaint, to the extent it bases any claim on allegations of fraud, fails to plead such allegations with particularity as required by Rule 9(b).

The motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Bo Gustafsson filed concurrently herewith, and on the pleadings and records in this action.

Dated:  December 7, 2007

Respectfully submitted

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
STEPHEN S. WALTERS
MARK J. SEIFERT


By: _____/s/_____
    STEPHEN S. WALTERS
    Attorneys for Defendants
    DUX INTERIORS, INC. and
    BO GUSTAFSSON

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION..................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED.................................................2

III.    STATEMENT OF FACTS....................................................................................2

        A.    The License Agreement ...........................................................................3

        B.    Termination of the License Agreement ................................................5

        C.    Other Breach of Contract (and Unfair Competition) Allegations ..........6

        D.    Conversion Allegations ...........................................................................7

        E.    Emotional Distress Allegations ..............................................................7

        F.    Unjust Enrichment Allegations ..............................................................7

        G.    Unfair Competition (Section 17200) Allegations .................................8

        H.    Allegations Concerning Johnson's Request for an Injunction................8

IV.     ARGUMENT .......................................................................................................8

        A.    Legal Standard Under Federal Rules 8(a), 9(b) 12(b)(6), and 12(e).....................9

        B.    Johnson Fails to State a Claim for Breach of Contract Based on the
              Termination Because It Admits the Breach of the License
              Agreement That Permitted Dux to Terminate .......................................10

        C.    Johnson's Other Assertions of Breach of Contract Consist of Vague
              and Conclusory Allegations and Must Be Dismissed .........................12

        D.    Johnson Fails to State a Claim for Conversion of Its Business
              Because the Termination of the License Agreement Was Proper.....................14

        E.    Johnson Fails to State a Claim for Intentional Infliction of
              Emotional Distress Because It Fails to Allege Facts Showing
              Extreme and Outrageous Conduct........................................................15

        F.    Johnson Fails to State a Claim for Unjust Enrichment Where Dux
              Has Engaged in No Wrongful Conduct and Has Acquired Nothing
              from Johnson ..........................................................................................16

        G.    Johnson Fails to State a Claim for Unfair Competition (Cal. Bus. &
              Prof. Code § 17200) Where It Has Identified No Unlawful or
              Otherwise Improper Conduct on the Part of Dux .................................17

        H.    Johnson Has Failed to State Grounds for an Injunction Because It
              Does Not Have a Likelihood of Success on the Merits, It Has Failed
              to Allege Facts Indicating Any Irreparable Injury, and It Has Failed
              to Allege Facts Indicating the Inadequacy of a Remedy at Law.............18

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

(i)

1

**Page**

2   V.    CONCLUSION ................................................................................................................19

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Balistreri v. Pacifica Police Dep't.*
901 F.2d 696 (9th Cir. 1990) ................................................................................ 9

*Bell Atlantic Corp. v. Twombly*
127 S. Ct. 1955 (2007) ................................................................................ 9, 16

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*
83 Cal. Rptr. 2d 548 (Cal. 1999) ........................................................................ 17

*Chambers v. Time Warner, Inc.*
282 F.3d 147 (2d Cir. 2002) ................................................................................. 2

*Cochran v. Cochran*
76 Cal. Rptr. 2d 540 (Cal. Ct. App. 1998) .................................................... 15, 16

*Crown Paper Liquidating Trust v. Am. Intern. Group, Inc.*
No. C-07-2308 MMC, 2007 WL 4207943 (N.D. Cal. Nov. 27, 2007) ............................. 2

*Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*
448 F.3d 1118 (9th Cir. 2006) ............................................................................ 18

*Desaigoudar v. Meyercord*
223 F.3d 1020 (9th Cir. 2000) ...................................................................... 9, 13

*Dinosaur Development, Inc. v. White*
265 Cal. Rptr. 525 (Cal. Ct. App. 1989) .............................................................. 17

*eBay Inc. v. MercExchange, L.L.C.*
126 S. Ct. 1837 (2006) ...................................................................................... 18

*Energex Lighting Industries, Inc. v. North American Philips Lighting Corp.*
656 F. Supp. 914 (S.D.N.Y. 1987) ....................................................................... 13

*G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*
958 F.2d 896 (9th Cir. 1992) .............................................................................. 14

*Hewlett-Packard Co. v. Intergraph Corp.*
No. C 03-2517 MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ...................... 9, 12

*Jones v. Cmty. Redevelopment Agency*
733 F.2d 646 (9th Cir. 1984) ........................................................................ 9, 12

*JRS Prod., Inc. v. Matsushita Elec. Corp. of Am.*
8 Cal. Rptr. 3d 840 (Cal. Ct. App. 2004) ............................................................. 14

*Kern Oil & Refining Co. v. Tenneco Oil Co.*
792 F.2d 1380 (9th Cir. 1986) ............................................................................ 10

*Knievel v. ESPN*
393 F.3d 1068 (9th Cir. 2005) .............................................................................. 2

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

727717.01/SF

Case No. C07-05754 MMC
Defendants' Motion to Dismiss Complaint

**Page(s)**

*McHenry v. Renne*
    84 F.3d 1172 (9th Cir. 1996)....................................................................... 10, 12

*Pareto v. FDIC*
    139 F.3d 696 (9th Cir. 1998) ........................................................................ 9, 16

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*
    998 F.2d 1192 (3d Cir. 1993) ............................................................................. 3

*Pino v. Ryan*
    49 F.3d 51 (2d Cir. 1995) .............................................................................. 9, 11

*Schneider v. TRW, Inc.*
    938 F.2d 986 (9th Cir. 1991) .............................................................................. 16

*Thueson v. U-Haul Int'l, Inc.*
    50 Cal. Rptr. 3d 669 (Cal. Ct. App. 2006) .......................................................... 14

*Venture Assoc. Corp. v. Zenith Data Sys. Corp.*
    987 F.2d 429 (7th Cir. 1993) ............................................................................... 3

*Vess v. Ciba-Geigy Corp USA*
    317 F.3d 1097 (9th Cir. 2003) ....................................................................... 9, 13

*Weinstein v. Saturn Corp.*
    No. C-07-0348 MMC, 2007 WL 1342604 (N.D. Cal. May 8, 2007) ....................... 10, 13

**Statutes**

15 U.S.C. § 1111 ..................................................................................................... 11

Cal. Bus. & Prof. Code § 17200................................................................... 8, 13, 17

Cal. Bus. & Prof. Code § 20001(c) ...................................................................... 13

Cal. Bus. & Prof. Code § 20007.............................................................................. 13

Cal. Bus. & Prof. Code § 20020.............................................................................. 14

Cal. Bus. & Prof. Code § 20021(d) ........................................................................ 14

**Rules**

Fed. R. Civ. P. 11 ..................................................................................................... 2

Fed. R. Civ. P. 11(a)................................................................................................. 2

Fed. R. Civ. P. 12(b)(6)..................................................................................... 8, 9, 19

Fed. R. Civ. P. 12(e) .................................................................................. 8, 10, 12, 19

Fed. R. Civ. P. 65 ..................................................................................................... 8

Fed. R. Civ. P. 65.1 ............................................................................................. 8, 18

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

(iv)

1

**Page(s)**

Fed. R. Civ. P. 8(a) ......................................................................................................... 12, 19

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 9

Local Rule 65-1 ......................................................................................................... 8, 18

Local Rule 65-2 ......................................................................................................... 8, 18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Johnson Design Associates, Inc. and Sharyn Johnson[1] bring this suit against Defendants Dux Interiors, Inc. and Bo Gustafsson[2] based on Dux's termination of the license agreement ("License Agreement") between Dux and Johnson following Johnson's undisputed breach of that agreement.  Johnson's admitted breach provided Dux with grounds to terminate the License Agreement.  The termination, therefore, cannot support Johnson's claim for breach of contract, or any other claim.  Johnson's other breach of contract allegations do not provide fair notice of the claim against Dux, and also must be dismissed.  At a minimum, Johnson should be ordered to provide a more definite statement of its claim.

Each of Johnson's other claims must be dismissed as well.  Johnson fails to state a claim for conversion because that claim is based on the termination, which was proper.  Johnson fails to state a claim for intentional infliction of emotional distress because it does not allege any facts (as opposed to bare conclusions) demonstrating the type of extreme and outrageous conduct that would be necessary to support such a claim.  Johnson fails to state a claim for unjust enrichment because it can identify no wrongful conduct by Dux and no transfer of any property to Dux. Johnson fails to state a claim for unfair competition because it can identify no unlawful or otherwise improper conduct by Dux in support of this claim.

Finally, Johnson's "claim" for an injunction must be dismissed because it is not even a separate claim, but is instead a remedy.  As there is no basis for liability on the part of Dux, there is no basis to award an injunction or any other remedy.  Moreover, Johnson has not identified any irreparable injury it would suffer or any reason why it could not be compensated with money damages were it to prevail on its claims.

The Complaint should be dismissed in its entirety for each and all of these reasons.

---

[1] This motion will use the term "Johnson" interchangeably to refer to Johnson Design Associates, Inc., Ms. Johnson, or both, unless otherwise indicated.

[2] This motion will use the term "Dux" interchangeably to refer to Dux Interiors, Inc., Mr. Gustafsson, or both, unless otherwise indicated.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether Johnson fails to state a claim for breach of contract where it admits having breached the License Agreement and that Dux terminated the agreement accordingly.

2.    Whether Johnson's other assertions concerning breach of contract fail to state a claim, or provide adequate notice of the claim, where they consist entirely of vague and conclusory allegations.

3.    Whether Johnson fails to state a claim for conversion of its business where the contract termination was proper.

4.    Whether Johnson fails to state a claim for intentional infliction of emotional distress where there are no allegations of facts showing extreme and outrageous conduct.

5.    Whether Johnson fails to state a claim for unjust enrichment where Dux has engaged in no wrongful conduct and has acquired nothing from Johnson.

6.    Whether Johnson fails to state a claim for unfair competition where it has identified no unlawful or otherwise improper conduct by Dux.

7.    Whether Johnson fails to state grounds for an injunction where it has no likelihood of success on the merits of any of its claims, has not alleged facts indicating any irreparable injury, and has not alleged facts demonstrating the inadequacy of a remedy at law.

## III.    STATEMENT OF FACTS

The Complaint[3] concerns the allegedly wrongful termination of the License Agreement[4] between Johnson and Dux.  Complaint ¶¶ 1, 13-14.  Johnson purports to assert six claims for relief

---

[3]    The Complaint (served Nov. 19, 2007) has not been signed and thus violates Federal Rule of Civil Procedure 11.  Pursuant to that rule, it must be stricken if not promptly signed.  Fed. R. Civ. P. 11(a).

[4]    Although Johnson has not attached a copy of the License Agreement to the Complaint, the Court may consider the agreement (the authenticity of which is not in dispute) in ruling on the present motion.  *See Crown Paper Liquidating Trust v. Am. Intern. Group, Inc.*, No. C-07-2308 MMC, 2007 WL 4207943, *2 (N.D. Cal. Nov. 27, 2007); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (consideration of document referenced in complaint does not convert motion to dismiss into motion for summary judgment); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n.3 (2d Cir. 2002) (collecting cases).  Considering a document in this manner is acceptable because "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No. C07-05754 MMC
Defendants' Motion to Dismiss Complaint

-2-

1 against Dux Interiors, Inc., most of which relate to the allegedly wrongful termination, as follows:

2 (1) injunctive relief, (2) breach of contract and the implied covenant and unfair competition, (3)

3 conversion, (4) intentional infliction of emotional distress, (5) unjust enrichment, and (6) violation

4 of the California unfair competition law.  Complaint ¶¶ 22-52.  The claims for intentional

5 infliction of emotional distress and unjust enrichment also are asserted against Mr. Gustafsson

6 personally.  *Id.* ¶¶ 41-47.

7 **A.    The License Agreement**

8 The License Agreement is central to the Complaint in general, and the breach of contract

9 claim in particular.  The License Agreement sets forth the parties' rights and obligations with

10 respect to Johnson's use of Dux's marketing plan, known as the "Duxiana Concept."  License

11 Agreement, at p.1 & § 1.3.  The Duxiana Concept is a system for promoting the retail sale at

12 "Duxiana Shops" of Dux beds, mattresses, and related products.  *Id.* § 1.1.  The License

13 Agreement accordingly addresses a number of issues pertaining to the use of Dux intellectual

14 property, advertising, store presentation, initial and subsequent purchases, reporting, and audits.

15 *See, e.g., id.* Parts 2-12.

16 In connection with this system, the License Agreement permitted Johnson to use certain

17 registered trademarks (as well as non-registered trademarks) owned by Dux, provided that

18 Johnson adhered to the requirements set forth in the agreement.  *Id.* §§ 1.13, 2.1, 3.1-3.6, 8.3-8.5.

19 The License Agreement states,

20    You [i.e., Johnson] further agree that you shall make use of the Duxiana Concept
    and the Duxiana Trademark only in accordance with the standards specified herein,
21    and that you shall use the Trademark 'Dux' only to refer to and identify products so
    marked which are sold in your Shop, or to the companies involved in the
22    manufacture or distribution of such products, and in no way whatsoever.

23 *Id.* § 3.1; *see also id.* § 3.4 ("You will not have any right to use the Trademarks other than as

24 provided by this Agreement.").

25

26 relied."  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d
    Cir. 1993); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).
27 A copy of the License Agreement is attached as Exhibit A to the Declaration of Bo Gustafsson
    in Support of Defendant's Motion to Dismiss Complaint ("Gustafsson Declaration"), filed
28 concurrently herewith.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-3-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

1     The License Agreement expressly distinguishes Dux's registered trademarks DUX and

2  DUXIANA[5] from its other trademarks, requires that these registered trademarks be displayed with

3  the trademark registration symbol (i.e., the "®" symbol) whenever used by Johnson, and requires

4  Dux's prior approval for Johnson's marketing materials.  *See, e.g., id.* §§ 1.13, 3.1-3.4, 8.3-8.5.

5  Section 1.13 defines "Trademarks" as "the registered trademarks 'Duxiana' and 'Dux' and any other

6  Trademarks, trade names and service marks – whether registered or not – used by [Dux] in

7  connection with the Duxiana Concept."  *Id.* § 1.13.  Of particular importance to this case are

8  Sections 3.3 and 8.3, which required Johnson to submit its marketing and other materials to Dux

9  for prior approval whenever a Dux trademark would be used, and expressly required use of the

10  "®" symbol with such materials.  Section 3.3 states as follows:

11              Any and all documents or other printed or written materials on
              which you intend to apply the Trademarks, including stationery,
12              brochures, invoices, etc., shall be approved by [Dux] in writing prior
              to use thereof.
13
              On any and all such written materials, as well as on all signs
14              identifying your Shop and in any advertising or other printed
              materials prepared by you or printed materials used in the operation
15              of your Shop, *the Trademarks "Dux" and "Duxiana," and any other
              Trademarks which [Dux] may hereafter advise you that it has
16              registered, shall be used only with the standard registration mark
              (an encircled R) adjacent thereto.*
17

18  *Id.* § 3.3 (emphasis added); *see also id.* § 3.2 (requiring use of "®" symbol next to "Duxiana" in

19  name of Johnson's shop), § 8.5 (requiring use of Trademarks on, and prior approval of, signage

20  and stating, "Except to the extent otherwise required by law, you agree to operate the Duxiana

21  Shop only under the name "Duxiana" or the trade name permitted by section 3.2 without any

22  accompanying words or symbols or any nature (except the registration mark) unless approved in

23  writing in advance by [Dux]").

24     Similarly, Section 8.3 required the use of the "®" symbol next to any use of "Dux" or

25  "Duxiana" in advertisements, and required prior review and approval by Dux:

26  _____

27  [5]   Johnson does not and cannot dispute that DUX and DUXIANA are registered.  License
      Agreement §§ 1.3, 3.1 ("As between ourselves you agree that you do not and will not, during

28  or after the term of this agreement, dispute the validity of the Trademarks, any registration
      thereof or the rights of [Dux] and its licensees thereto.").

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-4-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

*In order to control the way in which the Trademarks, including the registered "Duxiana" and "Dux" trademarks, are used, and in order to ensure the uniformity and quality of advertising of Duxiana Products, [Dux] requires that its "Duxiana" and "Dux" trademarks be used only in styles and formats approved by [Dux] and, further, that it have the opportunity to review, and approve in advance, the content, form and method of dissemination or publication of any advertisement or advertising or promotional materials* relating to Duxiana Products or Duxiana Shops.  You therefore agree that except for use of the mark "Duxiana" as part of your trade name pursuant to section 3.2 hereof, *you will use the "Dux" and "Duxiana" trademarks in any such advertisements or promotional materials only in the styles and formats shown in Addendum No. 4 and with the registration mark (encircled R) adjacent thereto, and you further agree to submit for prior [Dux] approval the text and proof of any proposed written advertising*, or the script or a video or audio recording of any television or radio advertising, before publishing or disseminating the same.  *You further agree not to use any promotional or advertising programs, materials or text which [Dux] has not approved.*

*Id.* § 8.3 (emphasis added); *see also id.* § 8.4 (requiring use of Trademarks on, and prior approval of, bags, mailing and other packaging materials).  Johnson admits that it did not use the "®" symbol as required by these provisions.  Complaint ¶ 14.

The License Agreement also contains certain provisions governing its termination.  *See* License Agreement §§ 15-16 (as modified in Addendum 1).  Section 15.2 states that either party may terminate the License Agreement upon the occurrence of any of several events, including "if the other party shall be in default of any of its obligations hereunder and shall have failed to correct or cure such default within thirty (30) calendar days after having received written notice of such default."  *Id.* § 15.2(a).  In the event that Dux is the terminating party under Section 15, the agreement states that Dux shall give Johnson 60 days written notice of the reasons for the termination.  *Id.* § 15.2.

**B.     Termination of the License Agreement**

On October 12, 2007, Dux notified Johnson that it was terminating the license agreement based on an incurable breach by Johnson, specifically, Johnson's failure to use the trademark registration symbol (i.e., the "®" symbol) in a mailing that it sent to its customers, and Johnson's failure to obtain approval from Dux prior to issuing the advertisement.  Complaint ¶ 14.[6]  Johnson

---

[6]     The notice states these grounds for termination.  A copy of the notice is attached to the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

-5-

expressly admits its failure to use the trademark registration symbol. *Id.* The Complaint alleges that the failure was curable (*id.* ¶ 26), but does not allege any attempt to cure it. The Complaint alleges that the termination was "wrongful" and a "pretext" to obtain Johnson's business. *Id.* ¶¶ 15, 33(a), 26.

### C.    Other Breach of Contract (and Unfair Competition) Allegations

The Complaint contains a number of other allegations, including fraud, pertaining to Dux's alleged breach of the License Agreement. The Complaint alleges that Dux caused Johnson to lose sales and profits by manufacturing defective merchandise and then putting a hold on bed sales for a period of 30 days in 2006. *Id.* ¶¶ 19, 33(b). It alleges that Dux has breached the contract by failing to make certain payments, including warranty reimbursements. *Id.* ¶¶ 20, 33(c). The Complaint alleges, on information and belief, that Dux has breached the License Agreement by offering prices, discounts and incentives to other distributors but not to Johnson. *Id.* ¶¶ 21, 33(e). (The Complaint does not, however, allege the basis for such information and belief.) It alleges that Dux breached the License Agreement and the covenant of good faith and fair dealing by "engaging in a scheme to defraud plaintiffs out of the distributorship/franchise and converting it to its own account or that of its associates," not properly advertising and requiring Johnson to spend money on "ineffectual advertising," diverting Johnson's orders to Dux or "other more favored franchisees," raising prices without the required notice, and interfering with relations with Johnson's employees. *Id.* ¶ 33.

Additionally, the Complaint alleges that certain of the alleged breaches of the License Agreement also amounted to violations of unfair competition and other laws. *Id.* ¶ 34 (alleging that Dux offered prices, discounts and incentives to other distributors but not to Johnson, and that this violated "common law unfair competition [and] federal and state antitrust law"), ¶ 35 (alleging that the termination of the License Agreement and attempt to "convert the franchise to [Dux's] own account or that of its associates" violated the California Franchise Relations Act).

---

Gustafsson Declaration as Exhibit B. The Court may consider the notice in deciding the present motion because the notice has been referenced in the Complaint. *See supra* note 4.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-6-

Case No. C07-05754 MMC
Defendants' Motion to Dismiss Complaint

### D.    Conversion Allegations

The Complaint alleges that Dux, by terminating the license agreement, has "converted Plaintiff's valuable property to their own account or those of their associates." *Id.* ¶ 38.  It alleges that in so doing, Dux acted with fraud. *Id.* ¶ 40.

### E.    Emotional Distress Allegations

The Complaint contains allegations pertaining to an emotional distress claim.  Complaint ¶¶ 16-18, 42-44.  The Complaint generally alleges that Dux "repeatedly threatened and intimidated Plaintiffs that they should sell their business Dux's associates [sic] (including one Dan Udoutch, a San Francisco resident) 'while they still have something to sell.'" *Id.* ¶ 16.  It goes on to allege that Mr. Gustafsson, while present in California in 2007, called Ms. Johnson and "continued to harass and threaten her about 'selling' her business" to Dux's associates." *Id.*  The Complaint alleges that Mr. Gustafsson, at a mandatory sales meeting in August 2006, "tried to intimidate and inflict such great emotional distress on Johnson that she would capitulate and relinquish her business" to Dux or its associates, and that "Ms. Johnson left the meeting distraught, shaking, and in desperate fear for her livelihood." *Id.* ¶ 17.  The Complaint reiterates the allegation that Mr. Gustafsson has "repeatedly threatened and intimidated Ms. Johnson." *Id.*  The Complaint alleges that "Dux has also sent harassing communications and the termination notice to Plaintiffs['] employees with intention of disrupting such employment relations." *Id.* ¶ 18.  The Complaint alleges that Mr. Gustafsson and other Dux employees have "intentionally and/or recklessly engaged in conduct toward ... Ms. Johnson that is extreme and outrageous, with intent to cause her emotional harm and relinquish her franchise," and that the "wrongful [and] pretextual termination was intend to and did cause emotional harm." *Id.* ¶ 42.  This conduct allegedly caused Ms. Johnson severe anxiety, mental anguish, and emotional distress. *Id.* ¶ 43.

### F.    Unjust Enrichment Allegations

The Complaint alleges that Johnson has invested time and money in building its business in reliance on a continuing relationship with Dux, and that Dux has breached its obligations by wrongfully terminating the Licensing Agreement to benefit itself. *Id.* ¶ 46.  The Complaint alleges that this constitutes unjust enrichment. *Id.*

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-7-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

### G.    Unfair Competition (Section 17200) Allegations

The Complaint alleges that the "scheme to terminate the instant franchise and defraud Plaintiffs out of their valuable property and convert it to their own accounts or those of their associates" violates California Business and Professions Code § 17200.  Complaint ¶ 50.

### H.    Allegations Concerning Johnson's Request for an Injunction

As a separate claim for relief, the Complaint alleges that Johnson has "suffered and continues to suffer immediate, substantial and irreparable injury" due to Dux's termination of the License Agreement.  *Id.* ¶ 23-26.  It also alleges that Johnson has "no adequate remedy at law." *Id.* ¶ 28.  The Complaint purports to request a preliminary injunction.  *Id.* ¶ 29.  Johnson has not, however, moved for a temporary restraining order or preliminary injunction in accordance with Federal Rules 65 and 65.1, and Local Rules 65-1 and 65-2.

## IV.    ARGUMENT

With minor exceptions, Johnson's claims depend on the assertion that Dux's termination of the License Agreement was wrongful.  The Complaint fails on that fundamental point.  Johnson admitted breaching the agreement, and this breach triggered Dux's right to terminate.  Johnson's only response is that the breach was curable.  But given the nature of the breach and the damage to Dux's trademarks and good will, any attempt at a cure would have been futile, thus obviating the cure provision in the License Agreement.  At any rate, Johnson does not, and cannot, allege that it has cured the breach or even attempted to do so in the 30 days following Dux's notice.  This is fatal to any claim predicated on wrongful termination.

Johnson's remaining claims fail because they do not state a claim (Rule 12(b)(6) ), do not provide adequate notice to Dux of the claims asserted against it (Rule 8(a)), or both.  In addition, each of Johnson's purported claims, to the extent they are based on allegations of fraud, must be dismissed pursuant to Rule 9(b) for failure to plead them with particularity.

Dux respectfully submits that the Complaint should be dismissed in its entirety.  In the event that the Court does not dismiss one or more claims, Johnson should be ordered to provide a more definite statement of such claims pursuant to Rule 12(e).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-8-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

A.     **Legal Standard Under Federal Rules 8(a), 9(b) 12(b)(6), and 12(e)**

Federal Rule of Civil Procedure 8(a) requires dismissal of a complaint that fails to give adequate notice to the defendants of the claims asserted against them. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649-50 (9th Cir. 1984) ("conclusional" allegations that were "unsupported by any facts" failed to provide fair notice to defendants, and thus claims were properly dismissed); *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, at *1 (N.D. Cal. Sept. 6, 2003) (dismissing claims under Rule 8(a)(2)).

Federal Rule 9(b) imposes a heightened pleading standard for claims that are grounded on allegations of fraud. Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (applying Rule 9(b) to unfair competition claim). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (internal quotation marks and citation omitted); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (circumstances of fraud must be pled "with a high degree of meticulousness"). Where allegations of fraud fail to meet Rule 9(b)'s heightened standard, they are "disregarded." *Vess*, 317 F.3d at 1105.

Federal Rule 12(b)(6) requires dismissal where there is a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court must dismiss a claim if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a Rule 12(b)(6) motion, courts are to accept the plaintiff's allegations as true, but need not accept conclusory allegations or unwarranted inferences as true. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007) (noting that "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."). Finally, although a plaintiff typically does not need to anticipate affirmative defenses in a complaint, dismissal is proper if a defense appears on the face of the complaint, i.e., if the plaintiff pleads itself out of court. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming dismissal and noting that "caution [in deciding a motion to dismiss] need not lead to paralysis").

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-9-

Case No. C07-05754 MMC
Defendants' Motion to Dismiss Complaint

1    Federal Rule 12(e) requires a more definite statement where a complaint is "so vague or

2   ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R.

3   Civ. P. 12(e); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

4   **B.      Johnson Fails to State a Claim for Breach of Contract Based on the**
           **Termination Because It Admits the Breach of the License Agreement That**
5          **Permitted Dux to Terminate.**

6    The interpretation of a contract is a question of law. *Kern Oil & Refining Co. v. Tenneco*

7   *Oil Co.*, 792 F.2d 1380, 1383 (9th Cir. 1986). A court may interpret a contract in deciding a

8   motion to dismiss. *See, e.g., Weinstein v. Saturn Corp.*, No. C-07-0348 MMC, 2007 WL

9   1342604, *1-*2 (N.D. Cal. May 8, 2007).

10    Johnson's claim for breach of contract fails because its own allegations show that the

11   termination at issue was proper. The License Agreement strictly governs the use of Dux's

12   intellectual property, especially its DUX and DUXIANA registered trademarks. License

13   Agreement §§ 1.13, 2.1, 3.1-3.6, 8.3-8.5. These requirements, which span several pages of the

14   agreement, repeatedly and expressly state that the DUX and DUXIANA registered trademarks

15   must be accompanied with the trademark registration ("®") symbol. Section 3.3 states that "the

16   Trademarks 'Dux' and 'Duxiana,' and any other Trademarks which [Dux] may hereafter advise you

17   that it has registered, *shall be used only with the standard registration mark (an encircled R)*

18   *adjacent thereto*." *Id.* § 3.3 (emphasis added). Similarly, Section 8.3 requires prior approval of

19   advertisements prepared by Johnson and mandates that Johnson "use the 'Dux' and 'Duxiana'

20   trademarks in any such advertisements or promotional materials only in the styles and formats

21   shown in Addendum No. 4 and *with the registration mark (encircled R) adjacent thereto*." *Id.* §

22   8.3 (emphasis added); *see also id.* § 3.2 (requiring use of "®" symbol next to "Duxiana" in name

23   of Johnson's shop), § 8.5 (stating that use of "Duxiana" in shop name shall be done without any

24   accompanying words or symbols except registration mark). As Section 8.3 makes clear, the strict

25   regulation of Johnson's use of these trademarks is necessary "[i]n order to control the way in

26   which the Trademarks, including the registered 'Duxiana' and 'Dux' trademarks, are used, and in

27   order to ensure the uniformity and quality of advertising of Duxiana Products." *Id.* § 8.3. The use

28   of the "®" symbol with these trademarks is particularly important to Dux's ability to protect its

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

-10-

1  trademarks and maximize its ability to obtain damages in the event of infringement.  *See* 15

2  U.S.C. § 1111 (requiring trademark registrant to give notice of registration with "®" symbol, or

3  words "Registered in U.S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off.",  in order

4  to recover profits and damages, unless infringer had actual notice of registration).  Johnson admits,

5  as it must, that it failed to use the "®" symbol in the mailing sent to its customers, as required by

6  these provisions.  Complaint ¶ 14.  Also, the failure to obtain prior approval from Dux with

7  respect to this advertisement (*see supra* note 6) provided an additional basis for the termination.

8         As a result of Johnson's breach, Dux sent a termination notice pursuant to Sections 15 and

9  16 of the License Agreement.  Complaint ¶ 14; License Agreement §§ 15-16.  Section 15.2

10  permits termination for breach of the agreement.  *Id.* § 15.2(a).  Although Section 15.2 contains a

11  30-day cure provision, Johnson does not allege that it made any effort whatsoever to cure this

12  breach, let alone that it actually cured it.[7]  In admitting the breach that justified termination,

13  Johnson assumed the obligation to also plead a cure, which it did not do.  *See Pino*, 49 F.3d at 53.

14         Moreover, Johnson's breach is incurable as a matter of law because there is no way to

15  retrieve every mailing sent by Johnson.  This obviated the cure provision.  *See* Raymond T.

16  Nimmer & Jeff Dodd, Modern Licensing Law § 11:7 (2007) ("[S]ome breaches cannot be cured

17  because the harm has occurred and any effort to reverse it is ineffectual.  In such cases, unless the

18  contract expressly states to the contrary, no cure provision should be interpreted to hinge the rights

19  of a party on the occurrence of the impossible.").  At any rate, whether Johnson's admitted breach

20  is curable is moot given Johnson's failure to plead a cure, and the only remaining possible effect of

21  the cure provision would be to extend by 30 days the effective date of the termination.  *See*

22  License Agreement § 15.2 (termination notice 30 days after curable, but uncured, breach; effective

23  date of termination by Dux 60 days after termination notice).

24         Dux's termination was consistent with the terms of the License Agreement in light of

25  Johnson's admitted breach.

26

27

28  [7]   Indeed, Dux is not aware of any effort on the part of Johnson to cure.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

-11-

**C.    Johnson's Other Assertions of Breach of Contract Consist of Vague and Conclusory Allegations and Must Be Dismissed.**

The Complaint contains certain allegations, including fraud, that purport to indicate breaches (in addition to the termination) of the License Agreement by Dux.  Given the length of the parties' course of dealing (over 16 years (Complaint ¶ 14)), it is not enough for Johnson to generally allege that Dux failed to make payments, including warranty reimbursements. Complaint ¶¶ 20, 33(c).  Nor is it enough to generally allege that Dux has breached the License Agreement by offering prices, discounts and incentives to other distributors but not to Johnson. *Id.* ¶¶ 21, 33(e).  The same may be said of the general allegations that Dux manufactured defective merchandise; neither the merchandise nor the defects are described, and there is no allegation of when these events supposedly occurred.  *Id.* ¶¶ 19, 33(b).  The same is true of the allegation that Dux temporarily put a hold on sales in 2006 – there is no indication of circumstances showing a breach of the License Agreement.  *Id.* ¶¶ 19.  And the same applies to the allegations that Dux breached the covenant of good faith and fair dealing by "engaging in a scheme to defraud plaintiffs out of the distributorship/franchise and converting it to its own account or that of its associates," not properly advertising and requiring Johnson to spend money on "ineffectual advertising," diverting Johnson's orders to Dux or "other more favored franchisees," raising prices without the requisite notice, and interfering with relations with Johnson's employees – there are no facts whatsoever to indicate what events Johnson is talking about or when they supposedly occurred.  *Id.* ¶ 33(c)-(d), (f)-(h).  And such detail is especially important in a case where the parties have done business for 16 years, because even if breaches occurred, the claim may be barred by the statute of limitations or long since waived.

None of these breach allegations provides adequate information about the circumstances of the asserted breaches to enable Dux to frame a responsive pleading and should be dismissed, or replaced with a more definite statement.  Fed. R. Civ. P. 8(a), 12(e); *Jones*, 733 F.2d at 649-50; *Hewlett-Packard*, No. C 03-2517 MJJ, 2003 WL 23884794, at *1; *McHenry*, 84 F.3d at 1179. Dismissal is especially warranted with respect to the allegation that Dux engaged in a "scheme to defraud plaintiffs" in paragraph 33(c) of the Complaint, since fraud must be alleged with

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-12-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

1   particularity.  Fed. R. Civ. P. 9(b); *Vess*, 317 F.3d at 1103-04, 1105-06; *Desaigoudar*, 223 F.3d at

2   1022-23.

3          Finally, the Complaint alleges that certain of the alleged breaches of contract also

4   amounted to violations of unfair competition and other laws.  Complaint ¶ 34 (alleging that Dux

5   offered prices, discounts and incentives to other distributors but not to Johnson, and that this

6   violated "common law unfair competition [and] federal and state antitrust law"), ¶ 35 (alleging

7   that the termination of the agreement and attempt to "convert the franchise to [Dux's] own account

8   or that of its associates" violated the California Franchise Relations Act ("CFRA")).  As an initial

9   matter, it is unclear whether Johnson is attempting to assert antitrust and CFRA claims that are

10  distinct from its breach of contract claim (*cf.* the claim for violation of section 17200 of the

11  California Business and Professions Code (Complaint ¶¶ 48-52), discussed below in Part IV.G).

12  Nonetheless, out of an abundance of caution, Dux will briefly address the antitrust and CFRA

13  issues here.  These claims fail to the extent they are based on termination of the License

14  Agreement, or any of the other purported breaches, for the reasons discussed above.  Beyond that,

15  these claims are again conclusory in the extreme and provide Dux with no notice of what statutory

16  violations are at issue.[8]  The Complaint only refers to "federal and state antitrust law" (Complaint

17  ¶ 34), but does not indicate which ones.  And if the antitrust violations are based on discriminatory

18  pricing, Johnson comes nowhere close to satisfying the elements of such a claim, particularly the

19  requirement that the alleged discrimination must substantially lessen competition or tend to create

20  a monopoly.  *Energex Lighting Industries, Inc. v. North American Philips Lighting Corp.*, 656 F.

21  Supp. 914, 919 (S.D.N.Y. 1987); 15 U.S.C. §§ 13-13a.  Similarly, the CFRA does not apply

22  because the Complaint fails to allege the payment of a franchise fee under the License

23  Agreement.[9]  *See* Cal. Bus. & Prof. Code §§ 20001(c), 20007; *Thueson v. U-Haul Int'l, Inc.*, 50

---

[8]   In addition, to the extent that Johnson alleges on information and belief that different prices
were offered to different distributors and that this violated the common law and various
statutes (potentially including fraud) (Complaint ¶ 21), Johnson was required to allege the
basis for such information and belief.  *Weinstein*, No. C-07-0348 MMC, 2007 WL 1342604,
*1 n.1.

[9]   The License Agreement provides that a "license fee" may be charged (License Agreement § 12
& Addendum 5), but that has never been done and Johnson has not alleged otherwise.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

-13-

1   Cal. Rptr. 3d 669, 671-73 (Cal. Ct. App. 2006) (discussing requirement of franchise fee before

2   CFRA applies in light of CFRA's purpose of protecting franchisees' initial investment).  At any

3   rate, even if Johnson's business were a franchise under the CFRA, the statute permits termination

4   of a franchise for a number of reasons, including (a) a failure to comply with "any lawful

5   requirement of the franchise agreement" (following notice and an opportunity to cure), or (b)

6   immediately where the franchisee engages in conduct that "reflects materially and unfavorably"

7   upon the operation and reputation of the business.  Cal. Bus. & Prof. Code §§ 20020, 20021(d).

8   As stated, the termination was proper, and any cure period is irrelevant in light of Johnson's failure

9   to plead a cure.

10           **D.      Johnson Fails to State a Claim for Conversion of Its Business Because the
             Termination of the License Agreement Was Proper.**

11

12           "In California, conversion has three elements: ownership or right to possession of property,

13   wrongful disposition of the property right and damages."  *G.S. Rasmussen & Assoc., Inc. v. Kalitta*

14   *Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992).  The Complaint bases the conversion claim

15   on Dux's termination of the license agreement.  Complaint ¶ 38.  As part of the conversion claim,

16   the Complaint alleges that Dux acted with fraud.  *Id.* ¶ 40.

17           These vague allegations are insufficient to state a conversion claim.  Johnson cannot

18   satisfy the "wrongful disposition" element of conversion because its own allegations show that the

19   termination was proper.  *See supra* Part IV.B.  Moreover, Johnson cannot use this theory of

20   conversion to transform its breach of contract claim into a tort claim.  *See JRS Prod., Inc. v.*

21   *Matsushita Elec. Corp. of Am.*, 8 Cal. Rptr. 3d 840, 849 (Cal. Ct. App. 2004) ("[A] party to a

22   contract cannot recover damages in tort for breach of contract.").  Finally, to the extent this claim

23   is based on fraud, Johnson has come nowhere close to pleading with particularity.  Fed. R. Civ. P.

24   9(b); *Vess*, 317 F.3d at 1103-04, 1105-06; *Desaigoudar*, 223 F.3d at 1022-23.  The conversion

25   claim must be dismissed.

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-14-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

**E.     Johnson Fails to State a Claim for Intentional Infliction of Emotional Distress Because It Fails to Allege Facts Showing Extreme and Outrageous Conduct.**

Intentional infliction of emotional distress requires a plaintiff to establish three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 76 Cal. Rptr. 2d 540, 543 (Cal. Ct. App. 1998). Regarding the first element, California imposes a demanding standard for showing that conduct is sufficiently extreme and outrageous to be actionable: the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotation marks and citations omitted). The *Cochran* court summarized this requirement as follows:

> In evaluating whether the defendant's conduct was outrageous, it is "not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."
>
> Further, the tort does not extend to "mere insults, indignities, *threats*, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion, *and some safety valve must be left through which irascible tempers may blow off relatively harmless steam....*"

*Id.* at 545 (quoting Restatement (2d) Torts § 46 comment d, and adding emphasis).

In *Cochran*, the court considered whether an alleged death threat in a telephone message was sufficiently outrageous to support liability for intentional infliction of emotional distress. *Id.* at 546-47. The court concluded that the threat, even when combined with other threats on

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-15-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

1   previous occasions, was not actionable.  *Id.*; *see also Schneider v. TRW, Inc.*, 938 F.2d 986, 992-

2   93 (9th Cir. 1991) (applying California law and affirming summary judgment for defendant where

3   plaintiff's evidence showed her supervisor had screamed, yelled and made threatening gestures

4   while criticizing her job performance).  And while courts will consider whether a special

5   relationship or other circumstances make the plaintiff particularly vulnerable to the defendant's

6   conduct, "major outrage is still essential to the tort; and the mere fact that the actor knows that the

7   other will regard the conduct as insulting, or will have his feelings hurt, is not enough."  *Cochran*,

8   76 Cal. Rptr. 2d at 544-45 (internal quotation marks and citations omitted).  Indeed, *Schneider*, in

9   which the court affirmed summary judgment for the defendant, involved threats made during an

10  employment relationship.  *Schneider*, 938 F.2d at 992-93.

11          Here, Johnson's emotional distress allegations consist of conclusory assertions that Mr.

12  Gustafsson "threatened" and "harassed" Ms. Johnson on a number of occasions, and that this was

13  extreme and outrageous.  Complaint ¶¶ 16-18, 42-44.  These conclusory allegations are examples

14  of what the Court can and should disregard in ruling on a motion to dismiss.  *Twombly*, 127 S. Ct.

15  at 1965-66 (noting that "labels and conclusions, and a formulaic recitation of the elements of a

16  cause of action will not do"); *Pareto*, 139 F.3d at 699.  At any rate, even if these allegations were

17  sufficiently definite, they still would fail because mere threats and harassment are just not

18  actionable under California law.  *Cochran*, 76 Cal. Rptr. at 543, 545-47; *Schneider*, 938 F.2d at

19  992-93.  In addition, Johnson pleads no special relationship here.  The claim must be dismissed.

20          **F.    Johnson Fails to State a Claim for Unjust Enrichment Where Dux Has
                    Engaged in No Wrongful Conduct and Has Acquired Nothing from Johnson.**
21

22          The Complaint alleges in cursory terms that Johnson has invested time and money in

23  building its business in reliance on a continuing relationship with Dux, and that Dux has breached

24  its obligations by wrongfully terminating the Licensing Agreement to benefit itself.  Complaint ¶

25  46.  The Complaint alleges that this constitutes unjust enrichment.  *Id.*  There are at least two fatal

26  flaws in Johnson's theory.  First, Dux's termination of the License Agreement was not improper.

27  *See supra* Part IV.B.  Second, there has been no movement of any property to Dux's benefit.

28  Under these circumstances, it cannot be said that Dux has been unjustly enriched, and the claim

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

-16-

1   must be dismissed.  *See generally Dinosaur Development, Inc. v. White*, 265 Cal. Rptr. 525, 530

2   (Cal. Ct. App. 1989).

3         **G.**     **Johnson Fails to State a Claim for Unfair Competition (Cal. Bus. & Prof. Code § 17200) Where It Has Identified No Unlawful or Otherwise Improper Conduct on the Part of Dux.**

4

5         The Complaint alleges that the "scheme to terminate the instant franchise and defraud

6   Plaintiffs out of their valuable property and convert it to their own accounts or those of their

7   associates" violates California Business and Professions Code § 17200.  Complaint ¶ 50.  Section

8   17200 states, "As used in this chapter, unfair competition shall mean and include any unlawful,

9   unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising

10  and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of

11  the Business and Professions Code."  Cal. Bus. & Prof. Code § 17200.

12        Johnson does not purport to allege any false advertising by Dux, so its Section 17200 claim

13  is predicated on "unlawful, unfair or fraudulent" practices.  Johnson fails, however, to allege facts

14  supporting any of these prongs of Section 17200.  Johnson does not allege facts showing the

15  violation of any laws by Dux.  *See supra* Part IV.C (discussing inapplicability of antitrust laws and

16  CFRA).  Nor does Johnson allege facts showing fraudulent practices by Dux.  Indeed, such

17  allegations would need to be stated with particularity, and Johnson has not even attempted to do

18  so.  *Vess*, 317 F.3d at 1103-04 (applying Rule 9(b) to unfair competition claim).

19        Finally, Johnson does not allege facts showing unfair practices within the meaning of

20  Section 17200.  Unfairness under Section 17200 does not depend on "purely subjective notions of

21  fairness," but instead requires a determination that the practice at issue "offends an established

22  public policy or ... is immoral, unethical, oppressive, unscrupulous or substantially injurious to

23  consumers."  *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 83 Cal. Rptr. 2d 548, 564

24  (Cal. 1999) (internal quotation marks and citations omitted).  Johnson's Section 17200 claim fails

25  because it is premised on Dux's termination of the License Agreement.  A mere breach of contract,

26  without more, does not support liability under Section 17200.  More to the point, the termination

27  was not a breach of contract or otherwise improper.  *See supra* Part IV.B.  The Section 17200

28  claim must be dismissed.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

-17-

1

**H.    Johnson Has Failed to State Grounds for an Injunction Because It Does Not Have a Likelihood of Success on the Merits, It Has Failed to Allege Facts Indicating Any Irreparable Injury, and It Has Failed to Allege Facts Indicating the Inadequacy of a Remedy at Law.**

2

3

4    The Complaint states that Johnson seeks an injunction, but Johnson has not moved for a

5   temporary restraining order or a preliminary injunction pursuant to Federal Rules 65 and 65.1, and

6   Local Rules 65-1 and 65-2.  If Johnson so moves, Dux will respond more fully at that time.  For

7   present purposes, Dux will briefly address the reasons why Johnson is not entitled to injunctive

8   relief.

9    A plaintiff seeking preliminary injunctive relief generally "must demonstrate either: (1) a

10  combination of probable success on the merits and the possibility of irreparable harm, or (2) that

11  serious questions are raised as to the merits and that the balance of hardships tips in its favor."

12  *Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1123 (9th

13  Cir. 2006).  A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered

14  an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate

15  to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff

16  and defendant, a remedy in equity is warranted; and (4) that the public interest would not be

17  disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839

18  (2006).  Johnson cannot satisfy these requirements for several reasons.  First, for the reasons

19  discussed, Johnson does not have a likelihood of success on the merits of any of its substantive

20  claims for relief.  Second, Johnson has failed to plead facts showing that a remedy at law (i.e.,

21  damages) would be inadequate – this is a straightforward contract dispute concerning a business

22  that can be measured in dollars and cents.  Similarly, Johnson has failed to plead facts showing

23  that it is at risk of suffering an irreparable injury.  Again, this is a quantifiable contract dispute,

24  and Johnson does not face any irreparable harm.

25    There is no basis for an injunction in this case.

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-18-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint

1  **V.     CONCLUSION**

2          For the foregoing reasons, the motion to dismiss should be granted pursuant to Rules 8(a),

3  9(b), and 12(b)(6).  At a minimum, Johnson should be required to make a more definite statement

4  of the allegations against Dux pursuant to Rule 12(e).

5  Dated:  December 7, 2007                    Respectfully submitted

6                                              ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
7                                             STEPHEN S. WALTERS
                                              MARK J. SEIFERT
8

9                                             By:  _____/s/_____
                                                  STEPHEN S. WALTERS
10                                                Attorneys for Defendants
                                                  DUX INTERIORS, INC. and
11                                                BO GUSTAFSSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

727717.01/SF

-19-

Case No.  C07-05754 MMC
Defendants' Motion to Dismiss Complaint