1  STEPHEN S. WALTERS (BAR NO. 54746)
   MARK J. SEIFERT (BAR NO. 217054)
2  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Phone:  (415) 837-1515
   Fax:  (415) 837-1516
5  E-Mail:  swalters@allenmatkins.com
            mseifert@allenmatkins.com
6
   Attorneys for Defendants
7  DUX INTERIORS, INC. and
   BO GUSTAFSSON
8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

| | |
|---|---|
| 12  JOHNSON DESIGN ASSOCIATES, INC., a California corporation, and SHARYN JOHNSON, an individual,<br><br>14           Plaintiffs,<br><br>15      v.<br><br>16  DUX INTERIORS, INC., a New York corporation, and BO GUSTAFSSON, an individual,<br><br>18           Defendants. | Case No. C07-05754 MMC<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT<br><br>Date:   January 18, 2008<br>Time:   9:00 a.m.<br>Place:  450 Golden Gate Avenue<br>        San Francisco, California<br>        Courtroom 7<br>Judge:  Hon. Maxine M. Chesney |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

728008.01/SF

Case No.  C07-05754 MMC
[Proposed] Order Granting Defendants' Motion to Dismiss Complaint

## Introduction

Before the Court is the motion, filed December 7, 2007, of Defendants Dux Interiors, Inc. and Bo Gustafsson[1] to dismiss the Complaint of Plaintiffs Johnson Design Associates, Inc. and Sharyn Johnson[2] pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6). Johnson filed an opposition, after which Dux filed a reply. The Court heard argument on the motion on January 18, 2008. The Court, having considered the motion, the opposition thereto, and the reply in support thereof, the papers on file in this action, and the arguments of counsel at the hearing, GRANTS the motion as stated herein.

## Discussion

### 1. Standards Applicable to a Motion to Dismiss

Federal Rule 12(b)(6) requires dismissal where there is a "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A court must dismiss a claim if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a Rule 12(b)(6) motion, courts are to accept the plaintiff's allegations as true, but need not accept conclusory allegations or unwarranted inferences as true. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007); *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Although a plaintiff typically does not need to anticipate affirmative defenses in a complaint, dismissal is proper if a defense appears on the face of the complaint, i.e., if the plaintiff pleads itself out of court. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995).

Federal Rule 9(b) imposes a heightened pleading standard for claims that are grounded on allegations of fraud. *See* Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when,

---

[1] The Court uses the term "Dux" interchangeably to refer to Dux Interiors, Inc., Mr. Gustafsson, or both.

[2] The Court uses the term "Johnson" interchangeably to refer to Johnson Design Associates, Inc., Ms. Johnson, or both.

where, and how' of the misconduct charged." *See id.* at 1106 (internal quotation marks and citation omitted); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000).

### 2. Request for an Injunction (First Claim for Relief)

A claim for an injunction, without more, is a remedy – it does not state a separate claim for relief. In any event, Johnson's "claim" for an injunction is subject to dismissal for failing to meet the requirements for injunctive relief. A plaintiff seeking preliminary injunctive relief generally "must demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised as to the merits and that the balance of hardships tips in its favor." *See Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006). A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006). Johnson does not satisfy these tests. Johnson has not demonstrated probable success (or even serious questions) as to the merits as discussed herein, the possibility of irreparable harm, or that the balance of hardships tips in its favor. Nor has Johnson demonstrated that a remedy at law would be inadequate.

### 3. Breach of Contract and the Implied Covenant and Unfair Competition (Second Claim for Relief)

Johnson's breach of contract claim is based primarily on Dux's termination of the License Agreement.[3] The License Agreement contains several provisions requiring that Johnson use the trademark registration symbol ("®") each time Johnson used Dux's registered trademarks DUX and DUXIANA, and requiring Johnson to obtain Dux's prior approval for any advertisements.

---

[3] Although Johnson did not attach a copy of the License Agreement to the Complaint, the Court may consider the agreement (the authenticity of which is not in dispute) in ruling on the present motion. *See Crown Paper Liquidating Trust v. Am. Intern. Group, Inc.*, No. C-07-2308 MMC, 2007 WL 4207943, *2 (N.D. Cal. Nov. 27, 2007); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

*See, e.g.*, License Agreement §§ 3.3, 8.3. Johnson concedes having failed to use the "®" symbol, as required, in a customer mailing. Complaint ¶ 14. This was a breach of the plain terms of the License Agreement, and permitted termination. License Agreement § 15.2(a). While the License Agreement allows for a cure period of 30 days, Johnson does not allege having cured, or even having attempted to cure, within the 30 days. The termination was proper and cannot support Dux's claim of breach of contract.

Johnson's remaining allegations regarding its second claim for relief are impermissibly vague and conclusory. Given the parties' long course of dealing (over 16 years), it is not enough for Johnson to generally claim that Dux provided substandard goods, failed to honor warranty requirements, failed to properly advertise, diverted orders, interfered with employee relations, and so forth. Complaint ¶ 33. The same holds true, and even more strongly, regarding the unfair competition, antitrust, and California Franchise Relations Act allegations ("CFRA"). Complaint ¶ 34. Moreover, Johnson has not alleged the payment of a franchise fee as would be required for the CFRA to even apply. *See* Cal. Bus. & Prof. Code §§ 20001(c), 20007; *Thueson v. U-Haul Int'l, Inc.*, 50 Cal. Rptr. 3d 669, 671-73 (Cal. Ct. App. 2006).

### 4. Conversion (Third Claim for Relief)

"In California, conversion has three elements: ownership or right to possession of property, wrongful disposition of the property right and damages." *See G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). Johnson fails to state a claim for conversion because the claim is based on the termination of the License Agreement (Complaint ¶ 38), which was not wrongful for the reasons stated above. Moreover, Johnson cannot use this theory of conversion to transform its breach of contract claim into a tort claim. *See JRS Prod., Inc. v. Matsushita Elec. Corp. of Am.*, 8 Cal. Rptr. 3d 840, 849 (Cal. Ct. App. 2004). To the extent this claim is based on fraud (Complaint ¶ 40), Johnson has come nowhere close to pleading with particularity. *See* Fed. R. Civ. P. 9(b); *Vess*, 317 F.3d at 1103-04, 1105-06; *Desaigoudar*, 223 F.3d at 1022-23.

### 5. Intentional Infliction of Emotional Distress (Fourth Claim for Relief)

Johnson fails to state a claim for intentional infliction of emotional distress because it fails to allege facts suggesting the type of extreme and outrageous conduct that would be necessary to support such a claim. Intentional infliction of emotional distress requires a plaintiff to establish three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *See Cochran v. Cochran*, 76 Cal. Rptr. 2d 540, 543 (Cal. Ct. App. 1998). Regarding the first element, California imposes a demanding standard for showing that conduct is sufficiently extreme and outrageous to be actionable: the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotation marks and citations omitted). Johnston alleges (Complaint ¶¶ 16-18, 42-44) nothing more than the type of harassment and intimidation that courts have routinely held is not sufficiently extreme and outrageous to be actionable. *See, e.g.*, *Cochran*, 76 Cal. Rptr. at 543, 545-47; *Schneider v. TRW, Inc.*, 938 F.2d 986, 992-93 (9th Cir. 1991).

### 6. Unjust Enrichment (Fifth Claim for Relief)

Johnson fails to state a claim for unjust enrichment because it can identify no wrongful conduct by Dux and no transfer of any interest to Dux. Dux's termination of the License Agreement was not improper, as discussed above. In addition, there has been no movement of any property to Dux's benefit. Under these circumstances, it cannot be said that Dux has been unjustly enriched, and the claim must be dismissed. *See generally Dinosaur Development, Inc. v. White*, 265 Cal. Rptr. 525, 530 (Cal. Ct. App. 1989).

### 7. Unfair Competition, Cal. Bus. & Prof. Code § 17200 (Sixth Claim for Relief)

Johnson fails to state a claim for unfair competition under Cal. Bus. & Prof. Code § 17200 because it can identify no unlawful or otherwise improper conduct by Dux in support of its claim. Section 17200 states, "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

1  advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of
2  Division 7 of the Business and Professions Code." *See* Cal. Bus. & Prof. Code § 17200.
3  Unfairness under Section 17200 does not depend on "purely subjective notions of fairness," but
4  instead requires a determination that the practice at issue "offends an established public policy or
5  ... is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Cel-*
6  *Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.*, 83 Cal. Rptr. 2d 548, 564 (Cal. 1999)
7  (internal quotation marks and citations omitted).  Johnson's Section 17200 claim fails because it is
8  premised on Dux's termination of the License Agreement.  The termination, however, was not
9  wrongful, as discussed above.

## **Conclusion**

The motion is GRANTED and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

Dated: _____          _____
                               Hon. Maxine M. Chesney
                               United States District Judge